UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

RASENE MYTON and KINGSLEY
BERNARD,

            Defendants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 98-500-FB

**BLOCK, Senior District Judge:**

Kingsley Bernard is currently serving a life sentence. Rasene Myton is currently serving a sentence of 90 years. Both move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because both motions raise similar issues, I am issuing a single memorandum and order denying the motions.

**I**

The sentences of both defendants arise out of their involvement in a gang operating throughout the 1990s. Both were convicted of robbery, attempted robbery, and conspiracy to commit robbery. In addition, Bernard was convicted for his role in the murder of Orland Davis; though not charged, Myton was implicated in the same murder.

As pertinent here, both defendants were convicted of multiple violations of 18 U.S.C. § 924(c), which penalizes the use of a firearm in connection with a crime of

1

violence. Myton received a total of 50 years for his three § 924(c) convictions, while Bernard received a total of 30 years for his two.

## II

When the defendants were sentenced, § 924(c) mandated significant consecutive sentences "[i]n the case of a second or subsequent conviction under this subsection." 18 U.S.C. § 924(c)(1)(C)(i) (2005). In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court held that the mandate applied to multiple convictions in a single proceeding. *See id.* at 131. This led to the practice known as "stacking" § 924(c) charges. *See id.* at 145 ("As the Government concedes . . . , prosecutors will continue to enjoy considerable discretion in deciding how many § 924(c) offenses to charge in relation to a criminal transaction or series of transactions.") (Stevens, J., dissenting).

Congress remedied the situation in 2018. The First Step Act ("FSA") of that year amended § 924(c)(1)(C)(i) to "clarif[y]" that the 25-year penalty applies only to violations "that occur[] after a prior conviction of this subsection has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222. It did not, however, make the change retroactive. *See id.* § 403(b), 132 Stat. at 5222.

At the same time, Congress amended the compassionate release statute, which allows the sentencing court to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are

2

applicable," it finds that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Previously, that authority could be invoked only "upon motion of the Director of the Bureau of Prisons." *Id.* (2011). Under the FSA, it can now also be invoked "upon motion of the defendant after the defendant has fully exhausted all administrative rights." Pub. L. No. 115-391, § 603(b)(1), 132 Stat. at 5239.

### III

The defendants raise two common arguments in support of their motions for compassionate release. First, they argue that the abolition of stacking itself constitutes an extraordinary and compelling circumstance. Second, they argue that the robbery of contraband or its process does not violate federal law. Finally, Bernard alone argues that I improperly sentenced him to life imprisonment on his murder conviction.

**A.   Stacking**

I previously explained the interplay between stacking and compassionate release in *United States v. Sessoms*, 565 F. Supp. 3d 325 (E.D.N.Y. 2021). As I concluded, the FSA authorized district courts to consider the abolition of stacking as a factor but did not automatically entitle a defendant to compassionate release. *See id.* at 328. I called this a "stacking-plus dynamic." *Id.*

Unlike Sessoms, Bernard and Myton have not offered any "plus" factors. I

3

had no compunction sentencing Bernard to life in prison given his history of violent crime, and similarly noted that Myton was "inextricably linked" to Davis's murder, Tr. of Sept. 14, 2005, at 20, as justification for his sentence. Nor is there any evidence of "extraordinary efforts toward rehabilitation," *Sessoms*, 565 F. Supp. 3d at 329, or of a government attempt to add § 924(c) charges to penalize either defendant for not pleading guilty.

**B.  Robbery of Contraband**

Bernard and Myton both argue that their convictions for robbery cannot stand because some of their targets were drug dealers. While the FSA's charge to § 924(c)'s stacking provision might, in an appropriate case, warrant consideration of compassionate release, there has not been any comparable change in the definition of robbery under the Hobbs Act. The theft of contraband or its proceeds has long been recognized as a crime under that statute. *See United States v. Jamison*, 299 F.3d 114, 119 (2d Cir. 2002) ("[H]ad Jamison's robbery attempt succeeded in depriving Porter of the $21,000 cash he had on hand at his house, this would have substantially diminished his inventory purchases of . . . cocaine originating outside the State of New York."). Thus, the defendants' argument fails on the merits and, in any event, does not constitute an extraordinary and compelling circumstance.

4

### C. Bernard's Murder Sentence

As with the prior argument, I disagree that the broadening of the compassionate release statute was meant to provide another means of challenging claimed errors that could have been rectified on direct appeal or a post-conviction proceeding under 28 U.S.C. § 2255. *Accord United States v. Fine,* 982 F.3d 1117, 1118 (8th Cir. 2020) ("The substance of Fine's argument was available to him at sentencing, but even an intervening change in the law does not take a motion outside the realm of § 2255 when it seeks to set aside a sentence."). Moreover, the penalty (other than death) for first-degree murder is life imprisonment, *see* 18 U.S.C. § 1111(b), a sentence I would have imposed even if it had not been mandatory. *See* Tr. of Dec. 1, 2004, at 23.

### III

In sum, I deny the defendants' motions for compassionate release. As they do not present even a likelihood of success, I also deny their motions to appoint counsel.

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 1, 2022

5