UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

RASENE MYTON,

            Defendant.

---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 98-CR-500-7 (FB)

*Appearances:*
*For the United States of America:*
REBECCA A. SUSSMAN
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
RASENE MYTON, *pro se*
55485-053
FCI Victorville Medium II
Post Office BOX 3850
Adelanto, California 92301

**BLOCK, Senior District Judge:**

After being resentenced in 2023 and again in 2024, Rasene Myton is currently serving a sentence of 370 months' imprisonment for Hobbs Act robberies and use of a firearm in connection with one of the robberies. He is scheduled to be released on October 22, 2027.

Myton timely appealed. He now moves for compassionate release pursuant to 18 U.S.C. § 3582(c). Although the pending appeal may deprive the Court of jurisdiction to grant that relief, *see, e.g.*, *United States v. Vigna*, 455 F. Supp. 3d 68, 72 (S.D.N.Y. 2020) (holding that jurisdictional effect of filing notice of appeal "encompasses motions brought under Section 3582(c)(1)(A)"), Federal Rule of

Criminal Procedure 37 allows it to "(1) defer considering the motion; (2) deny the motion; or (3) state . . . that it would grant the motion if the court of appeals remands for that purpose." In this instance, the Court denies the motion.

As the Court explained in *United States v. Tavarez*, 747 F. Supp. 3d 557 (E.D.N.Y. 2024), a motion for compassionate release requires a district court to "determine [whether] three independent, necessary requirements have been satisfied: (1) the defendant has exhausted administrative remedies; (2) an extraordinary and compelling reason exists for sentence reduction; and (3) the [18 U.S.C.] § 3553(a) factors warrant reduction." *Id*. at 559. Mayton's submission includes an "Inmate Request to Staff" seeking compassionate relief; the Bureau of Prisons ("BOP") denies having received the request. The Court need not resolve this factual dispute because Myton's motion does not satisfy the second requirement in any event.

In that regard, Myton proposes two "extraordinary and compelling reasons" related to an immigration detainer lodged against him: (1) he is not eligible to serve the final portion of his sentence in a residential re-entry center, and (2) he will be detained by Immigration and Customs Enforcement ("ICE") beyond the term of his sentence. These reasons are not extraordinary because ineligibility for community re-entry programs and the possibility of ICE detention are

2

consequences of *any* federal inmate facing removal after finishing a criminal sentence. And since the Court expressly considered Myton's immigration status at the original sentencing and both resentencings, it is not a compelling reason to once again reconsider the § 3553(a) factors. *Cf. United States v. Johnson*, ___ F. Supp. 3d ___, 2026 WL 1328288, at *3 (E.D.N.Y. May 13, 2026) ("[Defendant's] reliance of his age and background without any updated evidence of the relevance of factors already considered at sentencing strikes the Court as trying to get a second bite of the apple." (internal quotation marks omitted)). Moreover, it is unclear whether and for how long Myton might be detained by ICE; he might be released on bond or substantially speed up the process by agreeing to voluntary departure.[1]

---

[1] According to the website of the Department of Justice's Executive Office for Immigration Review (https://acis.eoir.justice.gov/en/caseInformation), an immigration proceeding against Myton was administratively closed *sine die* on December 6, 2024. However, ICE typically lodges detainers if proceedings are contemplated in the future. To the extent Myton means to challenge the validity of the detainer, he cannot do so through a motion for compassionate release. *Cf. United States v. Fernandez*, 104 F.4th 420, 433 (2d Cir. 2024), *cert. granted*, ___ U.S. ___, 145 S. Ct. 2731 (2025) ("Challenges to the validity of a conviction . . . cannot qualify as 'extraordinary and compelling reasons' . . . because they can (and therefore must) be brought in a section 2255 petition."); *see also Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006) (holding that BOP's "halfway house" policies can be challenged by a habeas petition pursuant to 28 U.S.C. § 2241; *J.U. v. Maldonado*, 805 F. Supp. 2d 482, 489 (E.D.N.Y. 2025) (noting that detention pending immigration proceedings is properly reviewed through a § 2241 petition once the defendant is transferred to ICE custody).

3

Even if there were extraordinary and compelling reasons to consider compassionate release, the Court weighed the § 3553(a) factors less than two years ago. Nothing has happened since then that would change the Court's conclusion that 370 months' incarceration is the appropriate sentence for Myton's convictions.

For the foregoing reasons, Myton's motion for compassionate release is denied.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 27, 2026

4